## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **U.S. FAUCETS, INC. and JAS CORP.,** | |
| **Plaintiffs,** | |
| **v.** | **1:03-cv-1572-WSD** |
| **HOME DEPOT USA, INC., et al.,** | |
| **Defendants.** | |

## <u>ORDER</u>

This matter is before the Court on Plaintiffs U.S. Faucets, Inc. and JAS Corp.'s (collectively, "Plaintiffs") Motion for Reconsideration [105]. Plaintiffs move the Court to reconsider its April 26, 2005 Order [103] granting Defendants Home Depot U.S.A., Inc.'s ("Home Depot") and Globe Union America's ("GUA") (collectively, "Defendants") Motions to Dismiss [85, 86]. Having reviewed Plaintiffs' motion, as well as Defendants' responses to it, the Court concludes Plaintiffs' motion should be granted in part and denied in part.

A motion for reconsideration is appropriate only where there is: (1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact. <u>Jersawitz v. People TV</u>, 71 F.

Supp. 2d 1330, 1344 (N.D. Ga. 1999); L.R. 7.2(E), N.D. Ga. ("Motions for reconsideration shall not be filed as a matter of routine practice.").  A motion for reconsideration is not "an opportunity for the moving party and their counsel to instruct the court on how the court 'could have done it better' the first time," Preserve Endangered Areas of Cobb's History, Inc. v. United States Army Corps of Eng'rs, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), nor should such a motion be used "to offer new legal theories or evidence that could have been presented in conjunction with the previously filed motion or response, unless a reason is given for failing to raise the issue at an earlier stage in the litigation." Bryan v. Murphy, 246 F. Supp. 2d 1256, 1259 (N.D. Ga. 2003) (citing Adler v. Wallace Computer Servs., Inc., 202 F.R.D. 666, 675 (N.D. Ga. 2001)).

Plaintiffs move for reconsideration of almost every aspect of the Court's April 26, 2005 Order.  These arguments largely do not constitute adequate grounds for this Court to reconsider the holdings set forth in its order, and the Court declines to reiterate the reasons for those holdings here.  Certain of Plaintiffs' arguments, however, warrant further discussion.

A.    Dismissal of Certain Claims With Prejudice

Defendants moved to dismiss Counts Two, Three, Four, Five, Nine, Ten,

Eleven, Twelve and Fourteen of the Amended Complaint against GUA, and Counts

Two, Nine and Twelve against Home Depot, pursuant to Rule 12(b)(6) of the

Federal Rules of Civil Procedure for failure to state a claim upon which relief could

be granted.  Plaintiffs in their responses to Defendants' motions did not refute

Defendants' well-supported arguments for dismissal.  They conceded Defendants'

arguments were "well taken," and that these claims, as pleaded, should be

dismissed.  (See Pls.' Resp. to GUA's Mot. to Dismiss at 6-7; Pls.' Resp. to

Home Depot's Mot. to Dismiss at 14.)  Having acknowledged there was not a

factual basis for asserting these claims, Plaintiffs nevertheless requested that they be

allowed to dismiss them without prejudice, pursuant to Rule 41(a)(2) of the Federal

Rules of Civil Procedure.  Plaintiffs argued dismissal of their claims against GUA

without prejudice was justified because they hoped  "additional facts may arise

during discovery which could result in Plaintiffs seeking leave to amend the

Complaint with good cause to reinstate these causes of action against [GUA] at a

later date."  (Pls.' Resp. to GUA's Mot. to Dismiss at 6.)  Plaintiffs expressed a

similar hope with respect to the claims against Home Depot which were dismissed.

(Pls.' Resp. to Home Depot's Mot. to Dismiss at 14) (requesting dismissal without

prejudice so that these claims could be reasserted "should discovery provide

3

Plaintiffs with sufficient facts to support such a cause of action at a later date.")  A motion to dismiss under Rule 41(a)(2) was never filed by Plaintiffs.  The Court denied Plaintiffs' requests and granted Defendants' motions to dismiss these claims with prejudice for failure to state a claim upon which relief could be granted.

Plaintiffs move the Court to reconsider its dismissal of these claims. Plaintiffs do not argue that the claims, as pleaded, were not properly subject to dismissal for failure to state a claim pursuant to Rule 12(b)(6), nor do they suggest that facts now exist which make viable the claims which were dismissed.  Plaintiffs do not dispute that dismissals under Rule 12(b)(6) typically are with prejudice. Plaintiffs argue only that the Court should have permitted them to voluntarily dismiss these claims without prejudice under Rule 41 before resolving Defendants' Rule 12(b)(6) motions against them.

Plaintiffs did not file a separate motion to voluntarily dismiss these claims pursuant to Rule 41(a)(2).  Rule 41(a)(2), by its language, anticipates that a plaintiff seeking to voluntarily dismiss their claims under the rule will file a motion to dismiss.  In discussing the circumstances under which voluntary dismissal is appropriate, the rule states that dismissal should not be permitted where the defendant pleads a counterclaim "prior to the service upon the defendant of *the*

4

*plaintiff's motion to dismiss . . . .*"  <u>See</u> Fed. R. Civ. P. 41(a)(2) (emphasis added).

Even if Plaintiffs had filed a proper motion to voluntarily dismiss these claims under Rule 41, or the Court considered the "request" made by Plaintiffs in their response brief as such a motion, dismissal without prejudice would not be proper. As detailed in the Court's April 26, 2005 Order and elsewhere in this litigation, Plaintiffs have, since the inception of this litigation, failed to adequately state their claims against Defendants and have failed to identify with specificity the alleged facts on which these claims are based.  Plaintiffs also have failed to diligently prosecute their case, despite numerous opportunities to do so.  The result has been that Defendants have expended substantial time and resources in responding, on multiple occasions, to claims which Plaintiffs admit are not viable.  Considering the time and expense already expended by Defendants, that Defendants have undertaken to submit their motions to dismiss for failure to state a claim and seek a ruling on these motions, Plaintiffs' lack of diligence in prosecuting this action, generally, that Plaintiffs acknowledged the claims do not have a sufficient basis and have not, in this motion for reconsideration, showed that the claims which were dismissed now are viable, dismissal with prejudice was appropriate and it was

proper for the Court to deny Plaintiffs' request to be permitted to dismiss the

claims pursuant to Rule 41(a)(2).  See Phillips USA, Inc. v. Allflex USA, Inc., 77

F.3d 354, 358 (10th Cir. 1996) (holding that district court should consider "the

opposing party's effort and expense in preparing for trial," "excessive delay and

lack of diligence on the part of the movant," and "insufficient explanation of the

need for a dismissal," as relevant factors in deciding a motion to voluntarily dismiss

under Rule 41); Davis v. Huskipower Outdoor Equip. Corp., 936 F.2d 193, 199

(5th Cir. 1991) (affirming denial of motion to dismiss without prejudice where

plaintiffs filed their motion a year after the case was removed to federal court, "after

months of filing pleadings, attending conferences, and submitting memoranda," and

in anticipation of an adverse ruling on the merits of their claims).  Accordingly,

Plaintiffs' motion to reconsider the dismissal of these claims pursuant to Rule

12(b)(6) is denied.[1]

---

[1] Plaintiffs also appears to argue that the Court, having denied their request
to voluntarily dismiss these claims without prejudice, should *sua sponte* have
developed arguments in opposition to Defendants' motions to dismiss these
claims.  This is an interesting litigating position, but it is without merit.  Defendants'
arguments for dismissal of these claims were sound, as Plaintiffs themselves
conceded, and Plaintiffs' failure to address the merits of these claims in their
response and in their motion for reconsideration must be deemed an abandonment
of the claims.  See Hudson v. Norfolk S. Ry. Co., 209 F. Supp. 2d 1301, 1324

B.    Dismissal of Certain Claims Without Leave to Amend

Defendants also moved to dismiss Counts One, Six, Seven and Eight against GUA, and Count One against Home Depot, for failure to state a claim upon which relief could be granted.  Plaintiffs conceded that these claims, as alleged in the Amended Complaint, failed to state a claim upon which relief could be granted. (See Pls.' Resp. to GUA's Mot. to Dismiss at 9-12, 13, 15-18, 19; Pls.' Resp. to Home Depot's Mot. to Dismiss at 11-14.)  Plaintiffs requested that the Court permit them to amend their Amended Complaint to seek to revive these claims. (See id.)  The Court denied the request.

Plaintiffs move the Court to reconsider the dismissal, asserting that the Court erred in refusing to permit Plaintiffs to amend their Amended Complaint to cure the deficiencies in the allegation of these claims.  (Pls.' Mot. for Recons. at 19-21.) This argument is not persuasive.  Rule 15 of the Federal Rules of Civil Procedure provides that, after a responsive pleading has been served, a party may amend only

_____

(N.D. Ga. 2001) ("When a party fails to respond to an argument or otherwise address a claim, the Court deems such argument or claim abandoned.") (citing Resolution Trust Corp. v. Dunmar Corp., 43 F.3d 587, 599 (11th Cir. 1995) (en banc)); Bute v. Schuller Int'l Inc., 998 F. Supp. 1473, 1477 (N.D. Ga. 1998) ("Because plaintiff has failed to respond to this argument or otherwise address this claim, the Court deems it abandoned.").

by leave of court or by written consent of the adverse party.  See Fed. R. Civ. P.

15(a).  Although the rule instructs that "leave shall be freely given when justice so

requires," a district court may deny leave to amend for a number of reasons,

including undue delay, bad faith, or when such amendment would be futile.  Hall v.

United Ins. Co. of Am., 367 F.3d 1255, 1263 (11th Cir. 2004); Maynard v. Bd. of

Regents of Div. of Univs., 342 F.3d 1281, 1287 (11th Cir. 2003) (holding that

district court did not abuse its discretion in denying a motion to amend filed on last

day of the discovery because granting the motion "would have produced more

attempts at discovery, delayed disposition of the case,  . . . likely prejudiced [the

adverse party], [and] . . . there seems to be no good reason why [the movant]

could not have made the motion earlier.").  The decision whether to grant leave to

amend rests in the sound discretion of the district court.  Hall, 367 F.3d at 1262.

Here, Plaintiffs did not file a motion for leave to amend pursuant to Rule 15.

This failure alone warrants denial of their request.  See Long v. Satz, 181 F.3d

1275, 1279-80 (11th Cir. 1999) (holding that requesting leave to amend the

complaint in a memorandum filed in opposition to a Rule 12(b)(6) motion was

improper under Rule 15, since "[f]iling a motion is the proper method to request

leave to amend a complaint," and that "[f]ailure to properly request leave to amend,

when [the plaintiff] had adequate opportunity and time to do so, precludes the plaintiff's argument on appeal that the district court abused its discretion by denying her leave to amend her complaint").  Even if Plaintiffs' request were construed as a proper motion for leave to amend under Rule 15, amendment would not be appropriate.  As the Court stated in its April 26, 2005 Order, the deficiencies which Plaintiffs seek leave to correct by amendment were called to Plaintiffs' attention on numerous occasions prior to the motions to dismiss at issue here. Plaintiffs failed to reform these allegations in response to these previous notices or the Court's October 6, 2004 Order.  Instead, they requested leave to do so in response to GUA's second motion to dismiss, more than two and one-half years after the filing of the initial Complaint and after forcing Defendants to incur the time and expense of moving to dismiss these claims.  Because Plaintiffs have unduly delayed in seeking leave to amend the claims, and because of the substantial prejudice which would result to Defendants if such amendment were permitted, Plaintiffs' request for leave to amend was properly denied.[2]

---

[2] To support their request to amend these claims, Plaintiffs in their response to Defendants' motions to dismiss asserted that further amendment of the Amended Complaint would be necessary to correct the names of certain corporate entities and to substitute named defendants for the Doe Defendants.  (Pls.' Resp.

C.   <u>Dismissal of Plaintiffs' Claim for Injunctive Relief Against Home Depot</u>

Home Depot did not move for dismissal of Plaintiffs' request for injunctive relief which Plaintiffs characterized as a separate claim.  In their response to Home Depot's motion, Plaintiffs, *sua sponte*, conceded dismissal of the claim.  (Pls.' Resp. to Home Depot's Mot. to Dismiss at 4-5.)  Based on this representation by Plaintiffs, the claim was dismissed.  (April 26, 2005 Order at 19.)  Plaintiffs now move the Court to reconsider this decision, arguing that they were entitled to submit further argument to the Court despite their acknowledgment that the claim did not have a proper basis.

Because Home Depot did not move for dismissal, and because Plaintiffs now argue the Court should not have relied on their comments about this claim and its viability in their previous submission, the Court will reinstate the claim and

_____

to GUA's Mot. to Dismiss at 25.)  Plaintiffs in their motion for reconsideration argue that the Court did not discuss these proposed amendments.  (Pls.' Mot. for Recons. at 20.)  This argument is not grounds for reconsideration.  Plaintiffs' proposed amendments concerning the proper names of certain corporate entities and Doe Defendants are not relevant to the matters before the Court on Defendants' motions to dismiss, and, as with their request for leave to amend certain claims, Plaintiffs failed to file a separate motion for leave to amend pursuant to Rule 15.

amend its previous order dismissing it.  Plaintiffs' claim for injunctive relief is not

substantive in nature and thus the Court's reconsideration does not affect Home

Depot's pending motion for summary judgment.  Plaintiffs' claim for injunctive

relief will be allowed, subject to this Court's ruling on the pending summary

judgment motion.

     D.    <u>Dismissal of Plaintiffs' Claim for Civil Conspiracy Against GUA</u>

     GUA moved to dismiss Plaintiffs' claim for civil conspiracy for failure to

state a claim upon which relief could be granted.  (GUA's Mot. to Dismiss at 23.)

Plaintiffs opposed the motion, arguing that the Amended Complaint contained

sufficient allegations to state a claim for conspiracy against GUA.  (Pls.' Resp. to

GUA's Mot. to Dismiss at 20-22.)  Plaintiffs argued to the Court their allegation

that Home Depot and Globe Union entered into a certain undisclosed contract for

the manufacture of the same or substantially similar products to those of Plaintiffs

in order to ruin Plaintiffs' business and increase their own profit margins.  (<u>Id.</u> at

21) (citing Am. Compl. ¶¶ 29, 32).  The Court granted GUA's motion, finding that

the only tortious conduct alleged in connection with a conspiracy between GUA

and Home Depot was interference with Plaintiffs' business relationship with Home

Depot, a tort for which Home Depot could not be held liable.  (April 26, 2005

Order at 17-18.)

Plaintiffs move the Court to reconsider the dismissal of their conspiracy claim against GUA.  They concede their conspiracy claim fails with respect to Home Depot's alleged interference with its own contracts, but argue that their claim should survive with respect to an alleged conspiracy on the part of GUA and Home Depot to commit trade libel.  (Pls.' Mot. for Recons. at 29.)[3]

This argument does not warrant reconsideration of the Court's ruling.  First, Plaintiffs did not cite the Court to its trade libel claim in responding to GUA's motion to dismiss the conspiracy claim.  Plaintiffs argued only an alleged conspiracy between Home Depot and GUA to interfere with Plaintiffs' business relationships.  Indeed, Plaintiffs' claim for trade libel against GUA was a claim which Plaintiffs conceded was without merit and which was dismissed with prejudice by the Court.  (April 26, 2005 Order at 8.)  A motion for reconsideration

---

[3]  Plaintiffs in their motion for reconsideration argued that their claim for conspiracy against GUA should also survive with respect to their other tort claims against Home Depot, such as interference with civil rights.  (Pls.' Mot. for Recons. at 29.)  This argument fails, since these counts were either dismissed in the April 26, 2005 Order and not reinstated here, or were dismissed by the parties' consent dismissal with prejudice in August 2005.  (April 26, 2005 Order at 18-19; September 28, 2005 Order [180] at 1-2.)

should not be used "to offer new legal theories or evidence that could have been

presented in conjunction with the previously filed motion or response, unless a

reason is given for failing to raise the issue at an earlier stage in the litigation."

Bryan, 246 F. Supp. 2d at 1259.  Second, even if considered, this argument is not

persuasive.  Neither the general allegations of the Amended Complaint, nor the

specific allegations in support of Plaintiffs' trade libel claim, refer to specific

conduct on the part of GUA that could be construed as conduct in furtherance of a

conspiracy to commit trade libel.  Instead, it is clear that Plaintiffs, unhappy with

the Court's ruling on Defendants' motions to dismiss, have scoured the Amended

Complaint in an attempt to connect their conspiracy claim with the only tort claim

which survives in this action, a claim which survives against Home Depot only.

Having reviewed the allegations in the Amended Complaint, and the arguments

raised in Plaintiffs' response to Defendants' motions to dismiss, the Court

concludes that Plaintiffs' claim for conspiracy against GUA related only to Home

Depot and GUA's alleged interference with Plaintiffs' business relationships.

Accordingly, Plaintiffs' motion for reconsideration with respect to this claim is

denied.[4]

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Reconsideration

[105] is **GRANTED IN PART** and **DENIED IN PART**.  Plaintiffs' motion is

**GRANTED** with respect to their claim for injunctive relief against Home Depot.

Plaintiffs' motion is **DENIED** with respect to the other holdings set forth in the

April 26, 2005 Order.


**SO ORDERED**, this 13th day of January, 2006.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[4]  Plaintiffs also argue that the Court incorrectly concluded that Plaintiffs'
counsel in his response brief did not appropriately represent the California Supreme
Court's holding in <u>Reeves v. Hanlon</u>, 95 P.3d 513 (Cal. 2004).  The Court did not
rely on Plaintiffs' characterization of the <u>Reeves</u> case as grounds for any ruling, and
thus it finds that any mistake concerning Plaintiffs' characterization of this case
does not constitute grounds for reconsideration of any portion of the April 26,
2005 Order.